IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-375-D-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PEDRO GOMEZ-JIMENEZ, | ) | |
| | ) | |
| Defendant. | ) | |

On August 20, 2012, without a written plea agreement, Pedro Gomez-Jimenez ("Gomez-Jimenez") pleaded guilty to conspiracy to distribute and possess with the intent to distribute 280 grams of more of cocaine base (crack) and 5 kilograms or more of cocaine (count one), and possession with the intent to distribute 280 grams of more of cocaine base (crack) and 5 kilograms or more of cocaine and aiding and abetting (count six). See [D.E. 81,145]. On December 4, 2012, the court held Gomez-Jimenez's sentencing hearing. See [D.E. 112, 116, 141]. At the hearing, the court ruled on certain objections and adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 103]. See Fed. R. Crim. P. 32(i)(3)(A)-(B); Sentencing Tr. [D.E. 141] 5–16. The court calculated Gomez-Jimenez's total offense level to be 35, his criminal history category to be I, and his advisory guideline range to be 168 to 210 months' imprisonment. See Sentencing Tr. at 5–16. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Gomez-Jimenez to 180 months' imprisonment. See id. at 36–40. Gomez-Jimenez appealed. On November 12, 2013, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Gomez-Jimenez, 546 F. App'x 183 (4th Cir. 2013) (per curiam) (unpublished).

On November 2, 2015, Gomez-Jimenez moved for a sentence reduction under 18 U.S.C.

§ 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 166]. On May 16, 2016, Gomez-Jimenez filed a pro se motion for a sentence reduction [D.E. 172]. Gomez-Jimenez's new advisory guideline range is 135 to 168 months' imprisonment, based on a total offense level of 33 and a criminal history category of I. See Resentencing Report. Gomez-Jimenez requests a 145-month sentence per count to run concurrent. See id.; [D.E. 166] 2, 4.

The court has discretion under Amendment 782 to reduce Gomez-Jimenez's sentence. See, e.g., Chavez-Meza v. United States, No. 17-5639, 2018 WL 3013811, at *4–7 (U.S. June 18, 2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Gomez-Jimenez's sentence, the court finds that Gomez-Jimenez engaged in serious criminal behavior. See PSR ¶¶ 10–15. Gomez-Jimenez also has no verifiable work history. See id. ¶¶ 26–27. Moreover, while incarcerated on his federal sentence, Gomez-Jimenez has been sanctioned for possessing tobacco, for a minor assault on a staff member, and for conducting a gambling pool. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Gomez-Jimenez received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Gomez-Jimenez's sentence would threaten public safety in light

2

of his serious criminal conduct and serious misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Gomez-Jimenez's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 2018 WL 3013811, at *4–7; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Gomez-Jimenez's motions for reduction of sentence [D.E. 166, 172].

SO ORDERED. This 20 day of June 2018.

JAMES C. DEVER III
Chief United States District Judge

3